IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  25-cr-530-MIS |
| v. ) | |
| ) | |
| LUIS ENRIQUE ARCADIA-NOLASCO, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM (DOC. 22)

1. **Factual Background**

On March 24, 2025, the Defendant pled guilty to an Information charging a violation of 8 U.S.C § 1326 (a) and (b).  PSR ¶ 2.  The Government offered the Defendant a fast-track plea agreement on January 14, 2025, which the Defendant declined to accept.

The Defendant filed his formal objection to the PSR on May 9, 2025.  Doc. 22.  In his objection, the Defendant asserts that the proposed sentencing range of 70 to 87 months is unduly harsh and goes beyond the 18 U.S.C. § 3553(a) stated purpose of sentences and requests the Court to vary downward from the suggested guideline range. *Id*. at ¶¶ 13 – 14.  The Defendant does not object to the sentencing guidelines.

2. **Argument**

The United States opposes the Defendant's objection to the PSR and requests the Court impose a guideline sentence in this case.  The guideline is properly calculated and Defendant received the guideline enhancements because both before and after he was first ordered deported

or removed from the United States, he engaged in criminal conduct that resulted in a felony conviction for which the sentence imposed was five years or more custody and a felony conviction for which the sentence imposed was 2 years or more custody, respectively. PSR ¶¶ 11 – 12.  These convictions include Possession of a Schedule 2 Controlled Substance with the Intent to Distribute – for which the Defendant was sentenced to six years custody and five years parole; and Aggravated Robbery with a Real/Stimulated Weapon – for which the Defendant was sentenced to 42 months custody. PSR ¶¶ 23, 26.  Defendant asserts the robbery conviction outlined in paragraph 26 of the PSR involved a "simulated weapon" not a real firearm; however, the PSR does not in fact make a claim or finding as to whether the weapon used was real or stimulated.  *Id.*  ¶ 26.  Regardless, the use of a weapon or apparent weapon during a robbery is a dangerous action as it could have result in an escalation and placed both Defendant and the victim at risk.

3. **Conclusion**

The United States asks this Court to deny Defendant's objection and sentence the defendant within the range of 70 – 87 months of imprisonment.  PSR ¶ 47.

        Respectfully submitted,

        RYAN ELLISON
        United States Attorney

        *__Electronically filed on 5/16/2025__*
        ELIZABETH TONKIN
        Special Assistant United States Attorney
        200 N. Church Street
        Las Cruces, New Mexico 88011
        (575) 323-5267– Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

***Electronically filed on 5/16/2025***
ELIZABETH TONKIN
Special Assistant United States Attorney